PHILLIP A. TALBERT
Acting United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 1:21-CR-00160-NONE-SKO |
|---|---|
| Plaintiff, | **STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND PROTECTIVE ORDER AND CERTIFICATION** |
| v. | |
| NICOLAS ADAN GUERECA, | Ctrm: 7 |
| Defendant. | Hon. Sheila K. Oberto |

This case involves charges related to the actual and attempted sexual exploitation of minors. The discovery in this case contains private personal information regarding third parties (both adults and minors), including but not limited to their names, dates of birth, physical descriptions, telephone numbers and/or residential addresses (protected information). The case also involves contraband that the defense is not legally entitled to possess.

The parties desire to avoid both the necessity of large-scale redactions and the unauthorized disclosure or dissemination of this personal information to anyone not a party to the court proceedings in

1

this matter, so the parties agree that entry of a protective order would be appropriate and facilitate the expeditious exchange of information about the case.

As a result, defendant Nicolas Adan Guereca, by and through his counsel of record, Galatea DeLapp (defense counsel), and the United States of America, by and through Assistant United States Attorney David Gappa, agree as follows:

1. This court may enter a protective order under Rule 16(d) of the Federal Rules of Criminal Procedure, and the court's general supervisory authority.

2. The protective order will cover all discovery provided to or made available to defense counsel as part of discovery in this case.

3. By signing this stipulation and protective order, defense counsel agree(s) not to share any documents that contain protected information with anyone other than defense counsel's associated attorneys, designated defense investigator(s), designated defense expert(s), and/or support staff. Defense counsel may permit the defendant to view unredacted documents in the presence of his attorney(s), defense investigator(s), and/or support staff. The parties agree that defense counsel, defense investigator(s), and support staff shall not allow the defendant to copy or record protected information contained in the discovery. The parties agree that defense counsel, defense investigator(s), and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

4. The discovery and information within it may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States of America (the government). Defense counsel will return the discovery to the government at the conclusion of the case.

5. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to anyone in violation of this agreement.

6. Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

7. In the event that defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel and to return any discovery provided to the government.

8. The government will make digital evidence (including contraband) available within the confines of the Homeland Security Investigations (HSI) office in Fresno, California or other appropriate law enforcement facility approved by the government. The digital evidence (contraband) shall not be viewed by any person other than defense counsel, and/or defense investigators and experts, and such viewing shall be conducted only as necessary to prepare for defendant's defense. The defendant may review the digital evidence in the presence of counsel within the confines of the HSI office. Neither defense counsel nor any representative of defense counsel will remove any contraband from the custody or control of the law enforcement agency.

IT IS SO STIPULATED.

Dated: June 29, 2021  /s/ Galatea DeLapp
Galatea DeLapp
Attorney for defendant
Nicolas Adan Geureca

Dated: June 29, 2021  PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ David Gappa
David Gappa
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>NICOLAS ADAN GUERECA,<br><br>        Defendant. | Case No: 1:21-CR-00160-NONE-SKO |

<u>CERTIFICATION</u>

I, _____, certify under penalty of perjury that I have not copied or removed any image(s) of child pornography or data capable of being converted into images of child pornography, or caused the same to be transferred electronically (or by any other means) to any other location, during the course of my review of the evidence in this case.

Date: _____                               _____

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 1:21-CR-00160-NONE-SKO |
|---|---|
| Plaintiff, | **PROTECTIVE ORDER RELATED TO STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND CERTIFICATION** |
| v. | |
| NICOLAS ADAN GEURECA, | Ctrm: 7 |
| Defendant. | Hon. Sheila K. Oberto |

ORDER

1. Defense counsel may permit the defendant to view unredacted documents in the presence of his attorney(s), defense investigator(s), and/or support staff. The parties agree that defense counsel, defense investigator(s), and support staff shall not allow the defendant to copy or record protected information contained in the discovery. The parties agree that defense counsel, defense investigator(s), and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

2. The discovery and information within it may be used only in connection with the

1 litigation of this case and for no other purpose. The discovery is now and will forever remain the
2 property of the United States of America (the government). Defense counsel will return the discovery to
3 the government at the conclusion of the case.

4     3. Defense counsel will store the discovery in a secure place and will use reasonable care to
5 ensure that it is not disclosed to anyone in violation of this agreement. Defense counsel shall be
6 responsible for advising the defendant, employees, and other members of the defense team, and defense
7 witnesses of the contents of this stipulation and order.

8     4. If requested, the Fresno Homeland Security Investigations (HSI) office shall make a
9 duplicate copy of any hard drive(s) and any attendant storage media available for defense analysis. The
10 defendant shall be responsible for providing the drive(s) onto which evidence is copied.

11     5. The duplicate copy of the digital evidence shall be made available for defense counsel,
12 Galatea DeLapp, and/or any proposed defense expert, to review at the Fresno HSI Office, or other location
13 at the government's discretion, for the purpose of preparing for the defense of the above-entitled action.

14     6. If retained, the expert will be permitted to bring whatever equipment, books, or records he
15 or she believes necessary to conduct the examination.

16     7. Neither the defense expert nor defense attorney shall remove any hard drive(s) or other
17 storage media from the HSI or other law enforcement office.

18     8. With the exception of materials which would be considered child pornography under
19 federal law (including visual depictions and data capable of conversion into a visual depiction), the
20 expert may download and remove files or portions of files, provided the forensic integrity of the hard
21 drive(s) is not altered. The expert will certify in writing that s/he has not taken any material which
22 would be considered child pornography, or data capable of being converted into child pornography
23 (under federal law), and that s/he has not caused any child pornography to be sent from the HSI or other
24 law enforcement office by any means including any electronic transfer of files.

25     9. Except when a defense expert fails to provide this certification, no government agent, or
26 any person connected with the government, will examine or acquire in any fashion any of the items used
27 by the expert in order to conduct the defense analysis. Should a defense expert fail to certify that the

expert has not copied or removed child pornography, or data capable of being converted into child pornography, government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

10. When the defense indicates that it is finished with its review of the copy of the hard drive(s), the drive(s) or other storage devices shall be "wiped" clean.

11. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated: **June 30, 2021**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE