1  PHILLIP A. TALBERT
   United States Attorney
2  DAVID L. GAPPA
   Assistant United States Attorney
3  2500 Tulare Street
   Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5

6  Attorneys for Plaintiff
   United States of America
7

8

9                  IN THE UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  1:21-CR-00160-JLT-SKO

12                       Plaintiff,        STIPULATION SETTING TRIAL DATE AND
                                           EXCLUDABLE TIME PERIODS UNDER SPEEDY
13           v.                            TRIAL ACT;  ORDER

14  NICOLAS ADAN GUERECA,                  PROPOSED TRIAL DATE: January 30, 2024
                                           TIME: 8:30 a.m.
15                       Defendant.        COURT: Hon. Jennifer L. Thurston

16

17         This case is scheduled for a status conference on February 1, 2023.  The parties hope to resolve

18  the case by plea agreement but meanwhile, at the court's direction, request that a trial be scheduled to

19  start on January 30, 2024, at 8:30 a.m..  On May 13, 2020, this Court issued General Order 618, which

20  suspended all jury trials in the Eastern District of California "until further notice."   Under General

21  Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the

22  Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . .

23  with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6

24  (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order

25  618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with

26  counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."

27  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  The court issued General Order 655 on September

28  20, 2022, which found that public health conditions had not improved significantly and justified an

          STIPULATION REGARDING EXCLUDABLE TIME              1
          PERIODS UNDER SPEEDY TRIAL ACT

1  additional ninety-day extension of previous orders related to court proceedings.

2  These orders were entered to address public health concerns related to COVID-19.  Although the

3  general orders address district-wide health concerns, the Supreme Court has emphasized that the Speedy

4  Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural

5  strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S.

6  489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).

7  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v.*

8  *Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-

9  justice continuance must set forth explicit findings on the record "either orally or in writing").

10  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

11  and inexcusable—the general orders require specific supplementation.  Ends-of-justice continuances are

12  excludable only if "the judge granted such continuance on the basis of his findings that the ends of

13  justice served by taking such action outweigh the best interest of the public and the defendant in a

14  speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets

15  forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice

16  served by the granting of such continuance outweigh the best interests of the public and the defendant in

17  a speedy trial." *Id.*

18  The general orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7).  Although the

19  Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or

20  other emergencies, this court has discretion to order a continuance in such circumstances.  For example,

21  the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.

22  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it

23  impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326,

24  329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks

25  and the resultant public emergency).

26  The coronavirus pandemic poses a similar, albeit more enduring, "appreciable difficulty" to the

27  prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

28  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1  continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, 21 F.4th 1036, 1047

2  (9th Cir. 2022).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2)

3  how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since

4  the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly

5  susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant

6  faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason

7  to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district

8  court has the ability to safely conduct a trial.  *Id.*

9       In light of the societal context created by the foregoing, this court should consider the following

10  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

11  justice exception, § 3161(h)(7).  When continued, this court should designate a new date for the hearing.

12  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

13  "specifically limited in time").

14       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

15  through defendant's counsel of record, accordingly stipulate as follows:

16       1.       By previous order this matter was set for a status conference on February 1, 2023.  The

17  parties will continue to attempt to resolve the case by written plea agreement but request that the court

18  schedule a trial to begin January 30, 2024.

19       2.       By this stipulation, the parties agree to exclude time between February 1, 2023, and

20  January 30 2024, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

21       3.       The parties agree, and request that the Court find the following:

22            a)       Counsel for defendant desires additional time to consult with her client, to review

23       the current charges, conduct additional investigation related to the charges, and to discuss trial

24       strategy and preparation.  The parties also intend to attempt to resolve the case by written

25       agreement.

26            b)       Counsel for defendant believes that failure to grant the above-requested

27       continuance would deny her the reasonable time necessary for effective preparation, taking into

28       account the exercise of due diligence.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1        c)      The government does not object to the continuance and joins in the request for the

2  first trial date available to the court and the parties.

3        d)      In addition to the public health concerns cited by General Orders 611, 612, 617,

4  and 655 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly

5  apt in this case because counsel or other relevant individuals have been encouraged to telework

6  and minimize personal contact to the greatest extent possible.  It will be difficult to avoid

7  personal contact should the hearing proceed.  For these reasons, the court has encouraged the

8  parties to enter this stipulation.

9        e)      Based on the above-stated findings, the ends of justice served by continuing the

10  case as requested outweigh the interest of the public and the defendant in a trial within the

11  original date prescribed by the Speedy Trial Act.

12        f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

13  et seq., within which trial must commence, the time period from February 1, 2023, to January 30

14  2024, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i),

15  (ii) and (iv) because it results from a continuance granted by the Court at the request of the

16  parties on the basis of the Court's finding that the ends of justice served by taking such action

17  outweigh the best interest of the public and the defendant in a speedy trial.

18     4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

19  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

20  must commence.

21     IT IS SO STIPULATED.

22

23    Dated:  January 24, 2023                 PHILLIP A. TALBERT
                                     United States Attorney

24

25                              /s/ David Gappa
                                   DAVID L. GAPPA

26                                   Assistant United States Attorney

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

Dated:  January 24, 2023

/s/ GALATEA DELAPP
GALATEA DELAPP
Counsel for Defendant
Nicolas Adan Guereca

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,              CASE NO.  1:21-CR-00160-JLT-SKO

                       Plaintiff,          STIPULATION AND ORDER SETTING TRIAL
11                                          DATE AND EXCLUDABLE TIME PERIODS
                                            UNDER SPEEDY TRIAL ACT
          v.
12
                                            TRIAL DATE: January 30, 2024
13  NICOLAS ADAN GUERECA,                   TIME: 8:30 a.m.
                                            COURT: Hon. Jennifer L. Thurston
                       Defendant.
14

15

16

17                                  **ORDER**

18        The court has reviewed and considered the stipulation filed by the parties on January 24, 2023,

19  and also reviewed the record of this case.

20        The trial in this case shall commence on January 30, 2024.  For the reasons stated in the

21  stipulation, the period of time from February 1, 2023, through January 30, 2024, inclusive, is deemed

22  excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a

23  continuance granted by the Court at the request of the parties on the basis of the Court's finding that the

24  ends of justice served by taking such action outweigh the best interest of the public and the defendant in

25  a speedy trial.

26

27  IT IS SO ORDERED.

28  Dated:    **January 24, 2023**              _/s/ Sheila K. Oberto_
                                               UNITED STATES MAGISTRATE JUDGE
         STIPULATION REGARDING EXCLUDABLE TIME            6
         PERIODS UNDER SPEEDY TRIAL ACT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

7